IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SNADRA LEWIS, as next Friend of
KENNETH BROWN                                                    PLAINTIFF

        v.                          No. 07-6033

BRANDON THOMASSON and
CITY OF ROCKPORT, ARKANSAS                                       DEFENDANT

## ORDER

        Before the Court are Plaintiff's motion to stay this
proceeding (Doc. 8), Defendants' motion to dismiss (Doc. 10)
and responsive pleadings.  Plaintiff, Sandra Lewis, suing as
next friend of Kenneth Brown, contends this proceeding should
be stayed pending the resolution of a state criminal
proceeding against Brown.  Defendants contend Plaintiff Lewis
is without standing to bring the current suit as next friend
of Brown and seek dismissal.  In response, Plaintiff contends
that she has proper standing because Brown is mentally
retarded and Plaintiff is Brown's mother, and, alternatively,
requests that she be allowed to amend her complaint to reflect
the proper party in interest.

        The complaint alleges that Brown, an adult male, is
mentally retarded and that Plaintiff is Brown's mother.  (Ex.
B ¶¶ 8, 10.)  Defendants argue "a necessary condition for next
friend standing in a federal court is a 'showing by the
proposed next friend that the real party in interest is unable
to litigate his own cause due to mental incapacity . . . .'"

(Doc. 11 p. 2. ) (citing *Whitmore v. Arkansas*, 495 U.S. 149 (1990)).

In ruling on Defendants' motion, challenging subject matter jurisdiction, the Court must, at the outset, make "a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from the pleadings." *Mortensen v. First Federal Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *see also Osborn v. U.S.*, 918 F.2d 724, 729 fn. 6 (8th Cir. 1990). The distinction is important because only in the former instance will the plaintiff receive "the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at fn. 6. Because Defendants' motion is based on the contention that Plaintiff fails to allege facts sufficient to establish next friend standing, the Court will rule on the motion based on the 12(b)(6) standard, under which Plaintiff's well-pleaded allegations are taken as true and reasonable inferences are made in Plaintiff's favor. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996).

Plaintiff alleges that Brown is her son and is mentally retarded. She does not allege any medical diagnosis or history of that condition. She does not allege that Brown is

incompetent to assert his own rights or unable to litigate. Taking those allegations as true, the Court cannot find that they provide a basis for next friend standing.

However, the Court finds dismissal of the claims to be inappropriate, as jurisdiction might be proper but for an error in pleading. Thus, the Court grants Plaintiff's motion to amend her complaint. Such amended complaint may allege facts sufficient to support next friend standing on the part of Plaintiff or may reassert the claims in Brown's name, depending on Brown's circumstances. If appropriate, following such an amendment, Defendants may again challenge jurisdiction.

For reasons reflected above, Plaintiff's motion to amend her complaint is GRANTED. Defendants' motion to dismiss (Doc. 10) is DENIED. Plaintiff's motion to stay the proceedings (Doc. 8) is DENIED without prejudice to Plaintiff's right to renew such motion once an answer to the complaint is filed.

IT IS SO ORDERED this 20th day of December 2007.


*/s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge


Page 3 of  3